IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID L. BRIGGS,

    Plaintiff,

v.

RANDY J. DAVIS, C/O CLARK, GREG JAMES, LT. BRADLY, RONALD K. WALLA, MAJOR EDWARDS, TONY LEHR, BRETT A. KLINDWORTH, MARCUS A. MYERS, GLADYSE C. TAYLOR, and S.A. GODINEZ,

    Defendants.

Case No. 11-cv-801-JPG

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at Sheridan Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging events that occurred while he was incarcerated at Pinckneyville Correctional Center.

Plaintiff claims that Defendant Tony Lehr ("Lehr") failed to protect Plaintiff. Specifically, Plaintiff's cellmate threatened to "get blood" from Plaintiff if he did not have family members transfer one hundred dollars to the cellmate's trust fund account within twenty-four hours. Plaintiff wrote a note to Defendant Lehr informing him of this threat, and Lehr did not take any action to protect Plaintiff. He also asserts claims against defendants C/O Clark, Greg James, Major Edwards, and Lt. Bradly for failure "to take disciplinary or other action to curb the known pattern of [the cellmate's] violent history." Specifically, after Plaintiff was let out of segregation, his former cellmate once again threatened him while they were both in the chow hall.

Plaintiff also claims that Defendant Ronald K. Walla ("Walla") issued a false disciplinary report to Plaintiff. Specifically, Defendant Walla issued a disciplinary report stating that Plaintiff refused to cuff up and refused housing; however, Plaintiff was told he had no choice but to go to segregation while the threat to his life was investigated. He did not contest that order. Plaintiff further asserts claims against Defendants Marcus A. Myers ("Myers"), Brett A. Klindworth ("Klindworth"), Randy J. Davis ("Davis"), and S.A. Godinez ("Godinez") for their roles in finding him guilty of and denying his grievances concerning the false disciplinary report.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:**   A claim against Defendants Lehr, Clark, James, Edwards, and Bradly for failure to protect.

**Count 2:**   A claim against Defendants Walla, Myers, Klindworth, Davis, and Godinez, for issuing a false disciplinary report after Plaintiff reported a threat to Plaintiff's life.

A Defendant who "rul[es] against a prisoner on an administrative complaint does not cause or contribute to the violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* Here, Plaintiff merely brings complaints against Myers, Klindworth, Davis, and Godinez for their roles in denying Plaintiff's grievances. Accordingly, Defendants Myers, Klindworth, Davis, and Godinez are dismissed from Count 2.

Plaintiff fails to allege any actions by Defendant Taylor in his complaint. Accordingly, Defendant Taylor is dismissed because Plaintiff makes no allegations against her plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Disposition**

The following defendants are **DISMISSED** from this action **with prejudice**: Myers, Klindworth, Davis, Godinez, and Taylor.

The following defendants remain in the instant action:  Lehr, Clark, James, Edwards, Bradly, and Walla.

The Clerk of Court shall prepare for Defendants Lehr, Clark, James, Edwards, Bradly, and Walla:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. If the Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, Plaintiff's motion for status report and motion for leave to proceed (Doc. 7) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** August 21, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**